IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>PAULETTE FIEDLER,<br><br>        Petitioner,<br><br>   v.<br><br>MARY SIGLER, Warden, Dwight Correctional<br>Center,<br><br>        Respondent. | No. 07 C 1944<br><br>Judge Robert W. Gettleman |

**MEMORANDUM OPINION AND ORDER**

Petitioner Paulette Fiedler has brought a pro se petition for habeas corpus relief pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, seeking to overturn her conviction for first degree murder and attempted murder. Respondent Mary Sigler, Warden of Dwight Correctional Center, has moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(a). For the reasons set forth below, the court grants defendant's motion and dismisses the petition.

**FACTS**

On February 10, 1993, in the Circuit Court of DuPage County, Illinois, a jury found petitioner guilty but mentally ill of murder and attempted murder and sentenced her to life imprisonment.[1] Petitioner appealed the conviction, which was affirmed by the Illinois Appellate

---

[1] Petitioner was originally found guilty by a jury in 1998; her case, however, was remanded for a new jury trial because of improper statements made by the prosecutor during her first trial.

Court on June 2, 1995. Petitioner then filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court, which was denied on October 4, 1995.

On March 7, 1996, petitioner filed a petition for post-conviction relief in the Circuit Court of DuPage County. The petition was dismissed, appealed, and remanded several times; on December 13, 2005, the Illinois Appellate Court affirmed the final dismissal of the petition. Petitioner then filed a PLA in the Illinois Supreme Court, which was denied on March 29, 2006. On April 3, 2007, petitioner filed the instant petition.

## DISCUSSION

Respondent has moved to dismiss the petition as untimely. Section 2244(d)(1) of AEDPA imposes a one-year statute of limitations on petitions for habeas corpus relief filed under 28 U.S.C. § 2254.[2] If a petitioner's conviction became final before AEDPA's enactment, this one-year statute of limitations does not begin to run until AEDPA's effective date on April 24, 1996. Gendron v. United States, 154 F.3d 672, 675 (7th Cir. 1998). Additionally, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the one-year statute of limitations. 28 U.S.C. § 2244(d)(2).

---

[2]Section 2244(d)(1) provides that the limitation period shall run from the latest of (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (b) the date on which a state-created impediment to filing that was either unconstitutional or in violation of the laws of the United States was removed; (c) the date on which a new constitutional right was recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

In the instant case, petitioner's conviction became final before the effective date of AEDPA, and the statute of limitations thus began to run on April 24, 1996. Gendron, 154 F.3d at 675. As noted above, petitioner filed a post-conviction petition on March 7, 1996, prior the April 24, 1996 start of the limitations period. The limitations period was therefore tolled under § 2244(d)(2) until the conclusion of the state post-conviction proceedings, which occurred when the Illinois Supreme Court denied petitioner's PLA on March 29, 2006. The limitations period began to run on March 30, 2006 and expired one year later on March 30, 2007. Petitioner did not file the instant petition for habeas corpus relief until April 3, 2007, four days after the expiration of the limitations period.

Petitioner argues that although she filed her petition four days late, she is entitled to equitable tolling of the limitations period. The court may toll the limitations period under the doctrine of equitable tolling if petitioner can establish that: (1) she has been pursuing her rights diligently; and (2) some extraordinary circumstance far beyond her control stood in the way of timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 419 & n.8 92005); Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003). As respondent notes, the Seventh Circuit has yet to identify circumstances so extraordinary that they warrant equitable tolling.

Petitioner claims she is entitled to equitable tolling because: (1) the correctional facility was on "lockdown" status for four days at the end of the limitations period; (2) the law library was open only two days a week and was closed altogether for a month, in addition to closings for Christmas, Thanksgiving, a flood, and illness of the librarian; (3) petitioner was mentally unstable and had to begin therapy; (4) petitioner had to correspond with mental health

organizations and attorneys to obtain information; and (5) petitioner's legal papers were difficult for her to access.

Setting aside the issue of whether petitioner has pursued her rights diligently as required under Pace, petitioner's allegations simply do not rise to the level of "extraordinary circumstances" warranting equitable tolling. As this court has previously held, "lockdown for isolated periods of a few days at a time" does not constitute an "extraordinary circumstance." Hughes v. McCann, 2007 WL 1876396, *4 (N.D. Ill. June 27, 2007). In the instant case, petitioner had almost an entire year in which to file her petition before the four-day lockdown period; the lockdown was in effect only during the final few days available to petitionr to file a timely petition. Petitioner provides no explanation as to why she could not have filed her petition prior to the four-day lockdown. Further, petitioner does not allege that prison officials prohibited her from sending mail to this court during the lockdown period.[3] Had petitioner made such allegations, it is possible that the lockdown, preventing petitioner and other prisoners from gaining access to the courts, would constitute an extraordinary circumstance warranting equitable tolling. Without such allegations, however, the court concludes that petitioner is not entitled to equitable tolling of the one-year limitations period.

Similarly, as the Seventh Circuit has held on numerous occasions, petitioner is not entitled to equitable tolling because she had limited access to the prison library. See, e.g., Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006). Petitioner's mental illness is also insufficient to entitle her to equitable tolling. "Mental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing [her] affairs and thus from understanding [her] legal rights and acting upon

---

[3]Petitioner's habeas petition is deemed filed on the day she gave it to prison authorities to place in the prison mailing system, not the date on which it was received by the court clerk. Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999).

them." United States ex rel. Sowewimo v. Hensley, 2005 WL 1498846, *2 (N.D. Ill. June 8, 2005), citing Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996). To overcome the statute of limitations barrier, petitioner "must show at least that [s]he was incapable of preparing and filing a habeas petition" while the limitations period was in effect." Sowewimo, 2005 WL at *2, citing United States ex rel. Kennedy v. Page, 1999 WL 1044829, *2 (N.D. Ill. Nov. 16, 1999). Here, petitioner has made no such showing; as discussed below, petitioner argues that she spent more than a year preparing her petition.

Petitioner next argues that she is entitled to equitable tolling because she needed time to contact outside sources to gather information about her claims. While this argument may be evidence that petitioner diligently pursued her rights under the first prong of the Pace test, it in no way explains why petitioner needed more than one year to prepare her petition, and it is therefore not an "extraordinary circumstance" requiring equitable tolling.

Finally, petitioner claims that she is entitled to tolling of the limitations period because it was difficult for her to access her legal papers. As this court has held previously, "[p]roceeding pro se with...limited access to legal materials is not an exceptional circumstance for a habeas petitioner." Tate v. Pierson, 177 F. Supp. 2d 792, 801 (N.D. Ill. 2001). Petitioner has therefore not established extraordinary circumstances entitling her to equitable tolling of the limitations period, and the court finds that her petition is barred by the statute of limitations.

## **CONCLUSION**

For the reasons discussed above, the court grants respondent's motion and dismisses the instant petition as time-barred.


**ENTER:**     **September 25, 2007**

_____
**Robert W. Gettleman**
**United States District Judge**